IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SYD A. HASAN,                             Civ. No. 07-132-HO

        Plaintiff,                    ORDER

  v.

Commissioner of Social Security,

        Defendant.

    Plaintiff filed this action for review of the decision of the Commissioner denying his application for a period of disability and disability insurance benefits.  The administrative law judge (ALJ) stated insufficient reasons to reject plaintiff's allegations and the opinion of Dr. James Farley, plaintiff's treating psychiatrist.  When credited as true, this evidence establishes that plaintiff is disabled because his impairment meets the criteria for Listing 12.04 of 20 C.F.R. Pt. 404, Subpt. P, App. 1.  20 C.F.R. § 1520(a)(4)(iii).  Because the record contains some evidence of marijuana addiction, the decision of

the Commissioner is reversed, and this matter is remanded for the ALJ to determine whether marijuana addiction is a contributing factor material to plaintiff's disability. See 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535.

## Discussion

Plaintiff argues that the ALJ erred by failing to find that his gastrointestinal problems and anxiety are severe, by finding that he suffers from severe cannabis dependence, by finding that he is not entirely credible, and by rejecting the opinions of his treating psychiatrist and the medical expert who testified at the hearing. Plaintiff further argues that the Commissioner erred by failing to defer to his wife's statement, which he submitted to the Appeals Council.

Because the ALJ found severe impairments, errors in characterizing other impairments as non-severe are harmless. All medically determinable impairments must be considered in determining whether a claimant is disabled. 20 C.F.R. § 404.1545(a)(2). The record contains a new medical opinion of Dr. Farley that plaintiff is not afflicted with cannabis abuse or dependence. (Tr. 327-329). The ALJ shall consider this opinion on remand.

The ALJ provided the following reasons for finding that plaintiff's statements concerning the intensity, duration and limiting effects of his symptoms are not entirely credible.

2 - ORDER

October 27, 2005 treatment records of Dr. Scott Kemeny reveal stable, adequately controlled symptoms. (Tr. 22). Plaintiff told Dr. Kemeny that he saw his psychiatrist, Dr. James Farley, every six weeks, but plaintiff saw Dr. Farley only five times during the approximately 47-week period between April 13, 2004 and February 7, 2005, and plaintiff saw Dr. Farley only three more times through November 3, 2005. Id. Examining psychologist Cheryl Brischetto, Ph.D., reported that plaintiff was able to persist through an 8-hour session of neuropsychological screening conducted after the hearing. Id. Dr. Brischetto opined that plaintiff had no more than slight to moderate limitations in work-related mental functioning, and reducing the use of sedating medications would likely increase attention and energy, and decrease fatigue. (Tr. 23). Medical records suggest plaintiff has a history of drug-seeking behavior, and his difficulties are in part related to his use/misuse of prescribed medications. Id. Dr. Farley's records document that plaintiff attributed increased depression in 2004 to the loss of a job, and that plaintiff worked with the State of Oregon Vocational Rehabilitation Department, indicating that plaintiff believed he could work. Id. While plaintiff reported a sleep disorder, plaintiff's statements to medical providers, plaintiff's testimony and plaintiff's spouse's statements confirm that plaintiff can sleep when he takes his medication. Id. Examining psychologist Steven

3 - ORDER

Barry, Ph.D., opined that plaintiff was ambivalent about returning to work, was focused on somatic complaints, and was convinced he is eligible for Social Security benefits. Id. Dr. Barry also wrote that plaintiff furnishes a list of his medications to potential employers when he applies for jobs, that plaintiff "knows the system well enough," that plaintiff sought only part-time work while applying for benefits, and that receiving Social Security disability benefits "is part of his plan for how he will support his family." Id. Drs. Barry and Brischetto reported that plaintiff did not appear to put forth full effort on some tests. (Tr. 23-24). Dr. Brischetto reported that plaintiff's test results of low average to borderline IQ were inconsistent with plaintiff's report of having completed associate's, bachelor's and master's degree programs. Plaintiff testified that he missed only one or two days of work at his part-time job at K-Mart, and left early on one other occasion, despite having a random part-time work schedule. (Tr. 24). The report of plaintiff's wife does not support plaintiff's allegations of disability, but suggests lack of motivation and choice not to perform certain activities. Id.

A claimant who alleges disability based on subjective symptoms must prove that his medically determinable impairment or impairments could reasonably be expected to produce some degree of the symptoms alleged by the claimant. Smolen v. Chater, 80

4 - ORDER

F.3d 1273, 1281-82 (9th Cir. 1996) (citing to Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986)).  Once the claimant meets this burden and there is no affirmative evidence of malingering, "the ALJ may reject the claimant's testimony regarding the severity of [his] symptoms only if [the ALJ] makes specific findings stating clear and convincing reasons for doing so."  Id. at 1283-84 (citing to Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)).  "The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."  Id.

   The ALJ made no finding that plaintiff is a malingerer, and the reports of these examining psychologists do not constitute affirmative evidence of malingering.  Dr. Barry took care not to opine that plaintiff made a conscious effort to malinger.  (Tr. 196).  The test of memory malingering administered by Dr. Barry yielded results within normal limits.  (Tr. 195).  During Dr. Brischetto's examination, plaintiff again performed well on this test, and showed compliant responding and an overall valid subtest on the Validity Indicator Profile (nonverbal subtest), a test designed to detect intentionally feigned or grossly exaggerated symptoms.  (Tr. 288).  The Commissioner's argument that the ALJ cited affirmative evidence of malingering is rejected.  The ALJ was required to state clear and convincing reasons to find plaintiff's statement incredible.

5 - ORDER

After noting that plaintiff's impairments could reasonably be expected to produce some of the alleged symptoms, the ALJ failed to specify which symptom testimony is not credible.

While Dr. Kemeny found plaintiff's depression, anxiety and functional bowel syndrome to be stable on current medications on October 27, 2005, nothing in his notes indicates that he doubted plaintiff's report of bouts of depression and anxiety and inability to keep up with part-time work.  (Tr. 262).  Consistent with plaintiff's statement to Dr. Kemeny, Dr. Farley prescribed that plaintiff should return in six weeks, or call "PRN."  (Tr. 270, 273).  That plaintiff did so five times during a 47-week period, rather than seven or eight times, as would be expected, is not a clear and convincing reason to discredit plaintiff's symptom testimony, particularly in light of his mental impairments and Dr. Farley's opinions that plaintiff engages in "avoidant patterns," and "social withdrawal," has problems with attendance and consistency and keeping appointments, and would be absent from work more than four days per month.  (Tr. 254, 255, 257, 260).

In the circumstances of this case, drug-seeking behavior does not obviously undermine plaintiff's credibility, and the ALJ does not explain why it should.  Such behavior may result from plaintiff's somatoform disorder.  The ALJ found that plaintiff exhibited "some of the features of the 'A' criteria" of the

6 - ORDER

listing for somatoform disorders, which includes "[a] history of multiple physical symptoms . . . that have caused the individual to take medicine frequently . . ," and "[p]ersistent nonorganic disturbance of . . . [s]ensation (e.g. diminished or heightened).[1]  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.07. Plaintiff sought early refills or refills without office visits for clonazepam and Marinol, drugs for which he had or later obtained prescriptions.  (Tr. 262, 267, 272).  While plaintiff may not have been an appropriate candidate for the Vicodin, the ALJ acknowledged that plaintiff experiences pain symptoms and associated limitations.  (Tr. 22).

It does not follow from plaintiff's participation in vocational rehabilitation and part-time work that plaintiff does not experience sufficiently severe limitations to preclude him from maintaining substantial gainful employment.  See Lingenfelter v. Astrue, 504 F.3d 1028, 1038 (9th Cir. 2007).

Plaintiff's report of a sleep disorder is not inconsistent with the evidence that he is able to sleep with medication. Plaintiff's focus on somatic complaints, noted by Dr. Barry and cited by the ALJ, is consistent with plaintiff's somatoform disorder.  Plaintiff's belief that he is eligible for Social

---

[1]Without specifying plaintiff's somatoform disorder, the ALJ noted evidence of "somatization unexplained by organic disturbance," hypochondriasis, and somatoform disorder "NOS." (Tr. 20).

7 - ORDER

Security benefits is not inconsistent with his claims of disabling symptoms.

The ALJ correctly noted that the report of plaintiff's wife indicates plaintiff's lack of motivation. (Tr. 24). "He is not able to keep a job and has lost all his motivation and sits and cries sometimes in a corner." (Tr. 127). The ALJ incorrectly characterized the report as unsupportive of plaintiff's allegations of disability and inability to perform certain activities due to impairments, however. Plaintiff's wife reported symptoms consistent with the ALJ's determination that plaintiff suffers from dysthymic disorder.

The ALJ cited insufficient reasons to partially reject plaintiff's allegations of symptoms.

In a letter dated December 27, 2005, Dr. Farley opined that plaintiff has marked and often somatic symptoms of anxiety and depression, and marked impairment in persistence, pace and concentration, and that plaintiff suffers from "a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate." (Tr. 21, 279). The opinion establishes that plaintiff's impairment meets the "C" criteria for listing 12.04. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04.

The ALJ rejected Dr. Farley's opinion, and the consistent

8 - ORDER

testimony of medical expert (ME) Robert Davis, Ph.D., in favor of Dr. Brischetto's post-hearing opinion that plaintiff is slightly limited in work-related mental functioning, and slightly to moderately limited in his ability to respond appropriately to work pressures with a global assessment of functioning (GAF) of 60-65. (Tr. 21). The ALJ favored Dr. Brischetto's opinion because Dr. Brischetto had the opportunity to review all the evidence, Dr. Brischetto performed extensive psychological testing, Dr. Farley's opinion of marked limitations is inconsistent with treatment records which consistently describe plaintiff as having "appropriate appearance, hygiene, behavior, affect, insight, and judgment with no cognitive deficits[,]" and plaintiff reported daily use of marijuana and/or Marinol, which Dr. Davis testified would constitute dependence under Listing 12.09 and exacerbate existing mental problems, and which Dr. Brischetto reported may affect plaintiff's mood and ability to concentrate. Id. The ALJ wrote, "[t]his suggests the claimant's impairment would not be of a severity to meet section 12.04C if he ceased using marijuana." Id.

Dr. Brischetto did not expressly opine as to whether plaintiff's impairments are sufficiently severe to satisfy the "C" criteria of listing 12.04. To the extent her conclusions are inconsistent with Dr. Farley's opinion that the "C" criteria of listing 12.04 is satisfied, the ALJ was required to state

9 - ORDER

specific, legitimate reasons supported by substantial evidence in order to reject Dr. Farley's opinion. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The reasons cited by the ALJ do not meet this standard.

At least as it respects the "C" criteria of listing 12.04, Dr. Farley's opinion is not inconsistent with his recorded observations of plaintiff's appropriate appearance, hygiene, behavior, affect, insight and judgment, and the absence of apparent cognitive deficits. (Tr. 236-51, 270-77). Dr. Farley noted plaintiff's anxiety and depressive symptoms in his progress notes and in the same mental status examination reports cited by the ALJ. Id. Dr. Farley first treated plaintiff in September 2000, and resumed treatment on April 13, 2004. (Tr. 249). Dr. Farley therefore has a unique perspective on plaintiff's condition. See Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007). As noted by the ALJ, Dr. Farley's opinion is consistent with Dr. Davis's opinion, a factor which also adds weight to Dr. Farley's opinion. Id. at 634.

Finally, regardless of whether substantial evidence supports the finding that plaintiff suffers from drug addiction, the disability evaluation does not include consideration of evidence that plaintiff would not be disabled if he ceased using marijuana. See 20 C.F.R. § 404.1535. The impact of drug addiction is considered after disability is determined. Id.

10 - ORDER

This evidence does not undermine Dr. Farley's opinion.

Because the ALJ failed to provide sufficient reasons for rejecting plaintiff's testimony and his treating physician's opinion, this evidence is credited as true. <u>Benecke v. Barnhart</u>, 379 F.3d 587, 594 (9th Cir. 2004). As a result, plaintiff's impairment meets Listing 12.04 and disability is established.

The record contains conflicting evidence of drug addiction, including a new medical opinion not previously considered by the ALJ. This matter must be remanded to the ALJ to determine whether drug addiction is contributing factor material to disability, and to issue a new written decision. The ALJ shall consider Dr. Farley's letter opinion of October 16, 2006 (Tr. 327-29). Nothing herein limits the ability of the ALJ to further develop the record.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed. This matter is remanded to the Appeal Council, for remand the ALJ, for further proceedings consistent with this order.

IT IS SO ORDERED.

DATED this __31st__ day of May, 2008.

                                                 <u>s/ Michael R. Hogan</u>
                                                   United States District Judge

11 - ORDER